UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-113-GWU

EVA M. WARD,                                                              PLAINTIFF,

VS.                           **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

**INTRODUCTION**

Eva Ward brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Supplemental Security Income (SSI).

The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity?
    If yes, the claimant is not disabled.  If no, proceed to Step 2.
    See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical
    or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
    claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any
    impairment(s) significantly limiting the claimant's physical or
    mental ability to do basic work activities?  If yes, proceed to
    Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
    404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6.   <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the

alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

08-113  Eva M. Ward

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

5

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions  .  .  . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v.</u>
<u>Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Ward, a 47-year-old
former warehouse packer, nurse's aide, waitress and cashier with a "limited"
education, suffered from impairments related to discogenic and degenerative
disorders of the back, complaints of wrist/arm pain, hypothyroidism, and anxiety.
(Tr. 13, 15).  Despite the plaintiff's impairments, the ALJ determined that she
retained the residual functional capacity to perform a restricted range of medium
level work.  (Tr. 15).  Since the claimant was found to be able to perform her past
relevant work, she could not be considered totally disabled.  (Tr. 17).

After review of the evidence presented, the undersigned concludes that the
administrative decision is supported by substantial evidence.  Therefore, the court
must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Ward could return to her past relevant work, the ALJ
relied heavily upon the testimony of Vocational Expert James Miller.   The
hypothetical question presented to Miller included an exertional limitation to medium
level work along with such non-exertional restrictions as (1) an inability to more than
occasionally climb ladders; (2) a need to avoid exposure to dust, fumes, smoke,
chemicals, or noxious gases; and (3) a "limited but satisfactory" ability to be around
other people.  (Tr. 239).  In response, Miller reported that the plaintiff's past relevant

work as a packer, waitress and cashier could still be performed.[1]  (Id.).  The ALJ then changed the exertional level to light level work and the witness again testified that these jobs could be performed.  (Id.).  Therefore, assuming that the vocational factors considered by Miller fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

Dr. Christopher Walters examined Ward and reported a diagnostic impression of degenerative joint disease of the lumbar spine, a history of asthma, an anxiety disorder and thyromegaly.  (Tr. 165-166).  Dr. Walters indicated that the plaintiff would experience "mild" restrictions in lifting, carrying, standing, walking, stooping, bending and traveling.  (Tr. 165).  The physical factors of the hypothetical question were essentially consistent with these somewhat vague limitations.

Dr. James Ramsey (Tr. 177-185) and Dr. Jorge Baez-Garcia (Tr. 186-194) each reviewed the record and limited Ward to medium level work restricted from a full range by an inability to more than occasionally climb ladders, ropes or scaffolds and a need to avoid concentrated exposure to fumes, odors, dusts, gases and poor ventilation.  The hypothetical factors were compatible with these restrictions.

Dr. Charles Moore, a treating source, did not identify the existence of more severe physical restrictions than those found by the ALJ.  (Tr. 167-176).  Thus, the ALJ dealt properly with the evidence of record relating to Ward's physical condition.

---

[1]Although the ALJ found that the job of nurse's aide could still be performed, this job was not included among those cited by the vocational expert.  (Tr. 239).

08-113  Eva M. Ward

Psychologist Ilze Sillers reviewed the record and opined that it did not reveal the existence of a "severe" mental impairment.  (Tr. 195).  The ALJ's mental limitations are compatible with this opinion.

The record indicates that Ward filed a prior SSI application on October 5, 2000 which was denied at all administrative levels and became final as of August 28, 2002.  (Tr. 12).  The plaintiff was found capable of performing a restricted range of light level work on this application.  (Tr. 44).  Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application.  Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997).  Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ."  In the present action, the ALJ determined that the evidence obtained since the prior denial decision did indicate medical improvement had occurred.  (Tr. 16).  Therefore, the ALJ made a finding that a restricted range of medium level work could be performed.

Ward argues that the ALJ erred in making this finding of medical improvement.  However, as previously found by the court, the current record does provide substantial evidence for the ALJ's residual functional capacity assessment.  Both medical reviewers thought that the plaintiff was capable of medium level work.

08-113  Eva M. Ward

Dr. Walters's physical examination revealed no focal or cerebellar abnormalities and no sensory changes were found. (Tr. 165). Deep tendon reflexes were symmetrical and no pathological reflexes were noted. (Id.). Joint deformities were not found and there was no sign of muscle spasm. (Id.). Straight leg raising was negative both sitting and supine. (Id.). The doctor did not report motor deficits or evidence of nerve root compression. (Id.). An x-ray of the lumbar spine revealed only mild disc space narrowing at T10-L1, L1-L2, and L3-L4 without significant loss of disc space height. (Id.). These reports provide substantial evidence to support the ALJ's decision.

The undersigned notes that even if the ALJ erred in finding medical improvement, the current evidence would certainly not indicate a deterioration in Ward's condition. A significant number of jobs were found to be available to one of the plaintiff's age, education and work background when limited to the restricted range of light level work found by the ALJ in August, 2002. (Tr. 44). While the claimant has aged from 43 to 47, the increase in her age would not make a difference with regard to the Medical-Vocational Guidelines, unlike the situation in Drummond. Therefore, the court finds no error.

Ward also asserts that the ALJ erred in failing to properly evaluate her subjective complaints. However, the ALJ noted a number of reasons for finding that her credibility was not good including the conservative nature of treatment, the largely unremarkable clinical and examination results, the lack of utilization of pain

10

08-113  Eva M. Ward

control devices, and the use of only mild pain medications.  (Tr. 16).  The plaintiff complains that the ALJ did not consider the fact that she has not worked since 1993.   However, the defendant pointed out in his brief that the claimant had previously been found not disabled for all periods prior to August 28, 2002. Therefore, the court must reject Ward's argument.

After review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 29th day of January, 2009.

**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**

11